*In re* APPLICATION OF THE COOK COUNTY TREASURER AND EX-OFFICIO COLLECTOR—(Joyce Viso, Petitioner-Appellee, *v.* Edward J. Rosewell, Cook County Treasurer, Respondent-Appellant).

First District (1st Division)   No. 83—0415

Opinion filed October 31, 1983.—Rehearing denied December 5, 1983.

Richard M. Daley, State's Attorney, of Chicago (Jane Clark Casey and James McVane, Jr., Assistant State's Attorneys, of counsel), for appellant.

Bruce M. Buyer, of Chicago, for appellee.

JUSTICE GOLDBERG delivered the opinion of the court:

Joyce Viso (petitioner) was evicted from her home after issuance of a tax deed. Petitioner filed an amended petition for indemnity from the County Treasurer of Cook County as Trustee of the Indemnity Fund (respondent), which the trial court allowed. (Ill. Rev. Stat. 1981, ch. 120, par. 728a(4).) The respondent has appealed.

Petitioner failed to pay a special assessment for 1976. As a result, petitioner's property was sold at a January 1978 tax sale. The period of redemption was extended to July 25, 1980.

In July of 1979, the Madison Bank and Trust Company of Chicago, which held the mortgage on petitioner's property, received notice of the tax sale. The bank immediately forwarded a cashier's check to the county clerk and attempted to redeem the property.

The check was returned by the county clerk with a letter stating the property had already been redeemed on July 23, 1979. The clerk's

letter was based on an entry in his judgment records which was later discovered to be in error. A redemption intended for a different parcel of property had been credited to petitioner's property. Although the error was subsequently discovered and corrected, no notice of this action was given to the bank, or to petitioner.

In March of 1980, petitioner received a "Take Notice" from the tax purchaser informing her that the property had been sold for the 1976 special assessment and that petitioner had until July 25, 1980, to redeem. In June of 1980, petitioner attempted to redeem. Petitioner went to the county clerk's office and tendered her personal check. She was told to return with cash or a cashier's check. The notice received by petitioner in March 1980 made no mention of the necessity of paying only with cash or a cashier's check. There is no evidence that petitioner was told to return by July 25, 1980.

On August 8, 1980, petitioner returned to the county clerk's office with the necessary cash. The money petitioner paid was credited to the delinquent 1977 special assessment. The 1976 special assessment remained unredeemed. Accordingly, a tax deed was issued on November 14, 1980.

After a hearing, the trial court entered an order finding petitioner to be equitably entitled to just compensation pursuant to section 247a of the Revenue Act of 1939 (Ill. Rev. Stat. 1981, ch. 120, par. 728a).

Respondent contends petitioner did not prove she was equitably entitled to compensation; the finding by the trial court regarding value of the property is not supported by the evidence; and the trial court erred in refusing to deduct the unpaid mortgage on the property from the amount awarded to petitioner. Petitioner contends the finding of the trial court awarding compensation is in accordance with the evidence; the evidence of value of the property is sufficient; and the order appealed from did in fact deduct the amount of the mortgage from the award in accordance with the pertinent statute.

## I

The relevant statute provides in pertinent part (Ill. Rev. Stat. 1981, ch. 120, par. 728a):

> "(4) Any owner of real estate sold pursuant to any provision of this Act at a sale held subsequent to September 1, 1970, who without fault or negligence of his own sustains loss or damage by reason of the issuance of a tax deed pursuant to Sections 266 or 266a, and who is barred or in any way precluded from bringing an action for the recovery of such real estate *or any owner of property containing four or less dwelling units who*

*resided thereon the last day of the period of redemption who, in the opinion of the Court which issued the tax deed order, is equitably entitled to just compensation,* has the right to indemnity for the loss or damage sustained. Indemnity shall be limited to the fair cash value of the real estate as of the date that the tax deed was issued, less any mortgages or liens thereon.

(5) ***. *The Court shall liberally construe this Section to provide compensation wherever in the discretion of the Court the equities warrant such action.* ***" (Emphasis added.)

■ The italicized portions of the statute were added by Public Act 81–512, which became effective on January 1, 1980. In the case at bar, the property was sold during January of 1978. However, the tax sale and the issuance of the tax deed both occurred long after the effective date originally set out in the balance of the statute. The statute clearly provides for liberal construction by this court in order that compensation may be awarded in the discretion of the trial court. Although as a general matter statutes have only prospective rather than retroactive effect, we interpret the remedial aspect of the statute added by amendment as simply adding an additional remedy to another class of persons. (*Maiter v. Chicago Board of Education* (1980), 82 Ill. 2d 373, 390, 415 N.E.2d 1034, *cert. denied* (1981), 451 U.S. 921, 68 L. Ed. 2d 312, 101 S. Ct. 2000.) Consequently, the statute in this regard should be applied to petitioner in the instant case. The same result was reached by this court in *In re Application of Kane County Collector* (1981), 102 Ill. App. 3d 43, 45-46, 429 N.E.2d 590.

■ We will add alternatively that in view of the facts presented by this record, where unfortunate and virtually unavoidable administrative errors were made in connection with attempted redemption of the property by petitioner and by the Madison Bank, all without the fault of petitioner or the bank, we would be constrained to hold petitioner was not guilty of fault or negligence in this regard. We also expressly approve of the ruling by the trial court that petitioner "is equitably entitled to just compensation ***." This result is strongly supported by the clear and manifest weight of the evidence. As regards the application of legal principles, we find this case governed by *In re Application of Kane County Collector* (1981), 102 Ill. App. 3d 43.

II

Petitioner called a duly qualified real estate appraiser. He testified the fair cash value of petitioner's property on the date of issuance of the tax deed was $56,000. But, no evidence to the contrary was offered by respondent. It is correct, as respondent urges, that the ap-

praiser did not inspect the interior of the property. Also, respondent states the appraisal was too quickly done and it was based on sales prices of comparison properties rather than on fair cash values. However, at best, all of respondent's contentions go only to the weight of the evidence.

In view of the absence of contrary evidence, the trial court properly concluded that the value of the property, constituting "just compensation" to petitioner, was $56,000. In addition, we agree with petitioner that the point of sufficiency of the evidence of value of the property was not raised by respondent in the trial court. Consequently, this issue has been waived. *Shell Oil Co. v. Department of Revenue* (1983), 95 Ill. 2d 541, 550, 449 N.E.2d 65.

### III

We reject the argument of respondent that the trial court failed to deduct the outstanding mortgage on the property. The trial court found petitioner was personally liable to the Madison Bank on the note in question in the amount of $17,126.56. Consequently, the court awarded judgment in favor of petitioner for $56,000, but specifically ordered petitioner to pay the entire amount due the bank upon the mortgage. Petitioner was also ordered promptly to submit proof of this payment to the trial court.

Respondent urges this court should simply order payment to petitioner of $38,873.44, which is the total value of the property less the outstanding mortgage. The statute does direct payment of the "fair cash value" of the property "less any mortgages or liens thereon." (Ill. Rev. Stat. 1981, ch. 120, par. 728a.) However, this statute is to be "liberally" construed. (See Ill. Rev. Stat. 1981, ch. 120, par. 728a(5).) Thus, if we required petitioner herself to pay the mortgage balance out of her own funds, she would receive only $38,873.44 less the mortgage balance ($17,126.56), or a net recovery of $21,746.88. This result would be manifestly inequitable and contrary to the spirit of the statute. The trial court thus properly arranged the result so that petitioner would receive the net amount of $38,873.44; precisely the amount of her equity.

Consequently, we find the judgment order appealed from properly protected the rights of all parties. The judgment appealed from is therefore affirmed.

Judgment affirmed.

McGLOON and CAMPBELL, JJ., concur.