*In re* APPLICATION OF COOK COUNTY COLLECTOR (Midwest Real Estate Investment Company, Petitioner (Ella Walker, Petitioner-Appellant, v. Edward J. Rosewell, County Treasurer, as Trustee, Defendant-Appellee)).

First District (2nd Division)   No. 87—136

Opinion filed February 16, 1988.

Sidley & Austin, of Chicago (Thomas H. Morsch and Kathleen L. Roach, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry and Mark R. Davis, Assistant State's Attorneys, of counsel), for appellee.

JUSTICE STAMOS delivered the opinion of the court:

On December 18, 1984, a tax deed was issued to Midwest Real Estate Investment Company (Midwest) for the property located at 12 East 91st Street in Chicago (the subject property). Petitioner-appellant Ella Walker (Walker), owner of the subject property, filed a petition to vacate the order directing the issuance of the tax deed. Walker's petition was initially granted.

Upon Midwest's motion to reconsider, however, Walker's petition was then denied on March 4, 1986. Pursuant to section 247a of the Revenue Act of 1939 (Ill. Rev. Stat. 1985, ch. 120, par. 728a, Walker petitioned the court for indemnity for the loss of her property. The issue at trial was whether Walker was equitably entitled to indemnity. The trial court held that Walker was not equitably entitled to indemnity and dismissed her petition with prejudice. Thereafter, Walker appealed.

Walker was the owner and a resident of the subject property since September of 1960. On April 26, 1982, Midwest purchased the delinquent 1980 general taxes on Walker's property. Midwest then extended the two-year redemption period for the subject property until November 2, 1984. Walker failed to redeem her property. Consequently, on November 9, 1984, Midwest filed an application for issuance of a tax deed. On December 18, 1984, the court granted Midwest's application and ordered issuance of a tax deed.

On June 14, 1985, Walker filed a petition to vacate the December 18, 1984, order. Judge Stephen Yates initially granted Walker's petition to vacate. However, upon Midwest's motion to reconsider, Judge Stephen Yates vacated his June 14, 1985, decision and thus denied

Walker's petition to vacate. Thereafter, Walker filed a petition for indemnity for the loss of her property pursuant to section 247a of the Revenue Act.

In the subsequent trial proceeding, the issue was whether Walker was equitably entitled to indemnity for her loss of the subject property. The following facts were established at trial. In November of 1984, Walker and her two children were living in Walker's brick two-bedroom home, referred to above as the subject property. Walker completed four years of high school and 2½ years of college. Walker had never filed for bankruptcy and had never been sued for nonpayment of bills.

On direct examination, Walker testified that she had never received any form of notice that she had to redeem the taxes on her property in order to keep her home. Walker stated that she had not learned about the 1980 taxes having been sold to Midwest until the eviction notice came out sometime in December of 1984 or January of 1985. On cross-examination, Walker admitted that in her deposition she had testified that she had attempted to redeem the delinquent taxes in June of 1984. Walker further stated that in May or June of 1984 she had tried to secure the estimate of redemption. Two estimates of the cost of redemption were issued to Walker.

In May/June of 1984, Walker believed that the estimate of redemption was $1,300 and so she brought that amount of money with her in order to get the redemption. Walker discovered, however, that it would cost about $1,600 and she did not have that amount of money at the time. When Walker returned with $1,600, she then discovered that the amount owed was now $3,100. At this point, Walker was told information to the effect that someone had purchased the taxes for approximately $3,157.

Walker understood that if she did not pay the taxes she would lose her home. Walker also knew that property must be redeemed within a two-year period. In addition, Walker admitted that prior to the 1980 tax year she had gone to the county clerk's office and had redeemed her real estate taxes at least four times and that she was familiar with the policies and procedures of the county clerk's office with estimates of redemption.

After hearing the evidence, the trial court held that Walker was not equitably entitled to redemption of the subject property. The court found that Walker was indeed familiar with the redemption of taxes. The court also found that the two estimates of redemption that were introduced into evidence were extremely harmful to Walker's case.

The court below concluded:

"I think it is very clear that Mrs. Walker had knowledge and notice of these proceedings, and I believe it a fair inference from the evidence that the reason for the redemption was the lack of money rather than the lack of knowledge on the part of Walker or the proceedings and what was going on, and I think it clear the intent of the statute is to remedy and help those who are actually ignorant and thoughtless, those who should bestow the help of the Court, and from the totality of circumstances here, though, Mrs. Walker does not appear to this Court to be equitably entitled; and, therefore, I deny the relief she requests."

On January 7, 1987, Walker filed notice of this appeal.

■■ The trial court did not impose a fault or negligence standard when it ruled that Walker was not equitably entitled to indemnity. In pertinent part, section 247a(4) of the Revenue Act (Ill. Rev. Stat. 1985, ch. 120, par. 728a) provides:

(4) Any owner of real estate sold pursuant to any provision of this Act at a sale held subsequent to September 1, 1970 who without fault or negligence of his own sustains loss or damage by reason of the issuance of a tax deed pursuant to Sections 266 or 266a, and who is barred or in any way precluded from bringing an action for the recovery of such real estate or *any owner of property containing four or less dwelling units who resided thereon the last day of the period of redemption who, in the opinion of the Court which issued the tax deed order, is equitably entitled to just compensation,* has the right to indemnity for the loss or damage sustained. (Emphasis added.)

The above underscored portion of the Revenue Act, added pursuant to Public Act 81—512, became effective on January 1, 1980. In sum, the 1980 amendment now permits a trial court to compensate a real estate owner whose property was sold at a tax sale, even though the tax sale took place as a result of the real estate owner's fault or negligence, *if* the court concludes that the real estate owner is nevertheless *equitably entitled* to just compensation. (*In re Application of Kane County Collector* (1985), 135 Ill. App. 3d 796, 806, 482 N.E.2d 161.) In essence, the 1980 amendment provides a remedy to an additional class of real estate owners (*In re Application of The Cook County Treasurer & Ex-officio Collector* (1983), 119 Ill. App. 3d 212, 215, 456 N.E.2d 221) wherein the trial court does not focus upon whether the real estate owner is negligent or with fault, but rather whether the real estate owner is equitably entitled to the relief sought. *In re Application of Kane County Collector*, 135 Ill. App. 3d at 806.

Walker contends that the court below "effectively ignored the 1980 amendment, holding that only 'those who are actually ignorant and thoughtless' are entitled to relief." Walker argues that "a person who is merely ignorant and thoughtless *is* free from fault or negligence." According to Walker's reasoning, a person who is ignorant and thoughtless is free from fault or negligence and is therefore equitably entitled to just compensation under section 247a of the Revenue Act. We cannot agree with such a conclusion.

■ A court's determination that a real estate owner comes within the amended portion of section 247a is not synonymous with a finding that that individual is entitled to indemnity. (*In re Application of Kane County Collector*, 135 Ill. App. 3d at 799.) The trial court has broad discretion in determining whether a real estate owner is equitably entitled to just compensation. *In re Application of Kane County Collector*, 135 Ill. App. 3d at 805.

In the case at bar, the trial court looked at the totality of the circumstances. The court did not make any finding as to Walker's negligence or fault. Instead, the court concluded from the evidence adduced at trial that Walker was not equitably entitled to the relief that she requested. Thus, the trial court did not apply the "fault or negligence" standard in denying Walker relief. The trial court properly focused upon whether Walker was equitably entitled to the relief sought and concluded that, in its discretion, she was not.

■ The trial court did not abuse its discretion in finding that Walker was not equitably entitled to indemnity. The trial court has broad discretion in determining whether a real estate owner is equitably entitled to compensation under section 247a. (Ill. Rev. Stat. 1985, ch. 120, par. 728a; *In re Application of Kane County Collector*, 135 Ill. App. 3d at 805.) The trial court's judgment will not be overturned unless it is against the manifest weight of the evidence. (See *Glabman v. Bouhall* (1980), 81 Ill. App. 3d 966, 970, 401 N.E.2d 990.) A judgment is against the manifest weight of the evidence if it appears that conclusions, opposite to those reached by the trier of fact, are clearly evident. *First Security Bank v. Bawoll* (1983), 120 Ill. App. 3d 787, 794, 458 N.E.2d 193.

In *In re Application of Kane County Collector*, the petitioner did not pay her 1975 real estate taxes and as a result lost her home. After expiration of the redemption period, a tax deed was issued to Michael Lapat on December 21, 1979. The petitioner then filed a petition for indemnity pursuant to section 247a. The trial court awarded the petitioner $1 as her indemnity.

On appeal, the petitioner contended that the trial court erred when

it did not award indemnity in the amount of the fair cash value of her property: $75,000. The appellate court held that section 247a requires the trial court to make a two-prong analysis. First, the court must determine whether the petitioner is "equitably entitled to just compensation." Second, the court must determine the amount of compensation. Because the trial court concerned itself with the "equities of the situation," the appellate court concluded that the trial court applied the wrong standard and therefore reversed and remanded the case "for a new trial on the issues." *In re Application of Kane County Collector* 135 Ill. App. 3d at 798.

Upon retrial, the court below ruled that the petitioner was not entitled to the equity relief sought. Thus, the court never reached the second prong of the test. Thereafter, the petitioner appealed. The petitioner contended that the trial court's denial of indemnity was both contrary to the law of the case and against the manifest weight of the evidence.

At the petitioner's second trial, the evidence showed that: the petitioner graduated from high school and had three years of nurses' training; the petitioner's husband, who had taken care of all of the family finances, died in 1969; the petitioner's attorney, who had taken over the petitioner's family finances, died in 1973; the petitioner once had her electricity turned off, once had her telephone disconnected, had her insurance policy cancelled five times, and had her Field's charge card cancelled because she had been delinquent in paying the bills. The petitioner paid her 1972 and 1973 property tax bills. She failed to pay her 1974 property tax bill but was able to redeem those taxes in 1978. The petitioner then failed to pay her 1975 property tax bill but received two notices regarding redemption of those taxes.

The petitioner testified that from 1976 to 1979 she was "really depressed." She testified that she frequently got head and neck aches and had sinus trouble, yet she never saw a physician. Despite her mental and physical problems, the petitioner was able to go to work daily. The petitioner testified that at work, she could read and follow doctors' orders and could deal with emergency situations. She also testified that she hired an individual to do her income tax and that during her daughter's illness she was able to hire doctors and follow up on the treatment and medication prescribed. In addition, the petitioner stated that she went to an attorney in 1978 in regard to one overdue tax bill.

In addressing the petitioner's first contention, the appellate court determined that the petitioner came within the class of persons that the amended portion of section 247a sought to protect. (*In re Application of Kane County Collector,* 135 Ill. App. 3d at 799.) The court em-

phasized, however, that such a finding is not synonymous with a finding that the petitioner is entitled to indemnity. (*In re Application of Kane County Collector*, 135 Ill. App. 3d at 799.) Rather, it is within the trial court's broad discretion to decide whether the petitioner is equitably entitled to indemnity. (*In re Application of Kane County Collector*, 135 Ill. App. 3d at 805.) Therefore, the trial court's denial of indemnity was not contrary to the law of the case.

In response to the petitioner's second contention, the appellate court noted that the petitioner was not subject to any mental, physical, or financial inability to pay her taxes or to redeem her property. The court also noted that the petitioner was neither the victim of any administrative foul-up nor the victim of any fraud or deception. (*In re Application of Kane County Collector*, 135 Ill. App. 3d at 808.) The court held that in view of the evidence, most reasonable men would agree with the trial court's ruling. Therefore, the appellate court concluded that the trial court did not abuse its discretion in denying the petitioner indemnity. *In re Application of Kane County Collector*, 135 Ill. App. 3d at 808.

The facts in the instant case are very similar to the facts set forth in *In re Application of Kane County Collector*. In the case at bar, the evidence shows that Walker: completed high school and 2½ years of college; received, in the mail, estimates of the cost of redemption of the subject property; attempted to pay the redemption fee, but did not have the correct amount of money; understood that if she did not pay her taxes she would lose her home; knew that the period of redemption was two years; admitted that she was familiar with the policies and procedures of the county clerk's office; and redeemed her real estate taxes at least four times in the past. After trial, the court concluded that Walker did not appear to be equitably entitled. Consequently, the court denied Walker relief.

In light of the evidence set forth in the record and the case of *In re Application of Kane County Collector*, we find that sufficient facts exist to support the trial court's ruling that Walker is not equitably entitled to indemnity. The opposite conclusion, that Walker *is* equitably entitled, *is not* clearly evident from the record. The trial court's ruling, therefore, is not against the manifest weight of the evidence. Accordingly, the judgment of the court below is hereby affirmed.

Affirmed.

HARTMAN, P.J., and SCARIANO, J., concur.