185 Ill. App.3d 701 (1989)
542 N.E.2d 15
In re APPLICATION OF THE COUNTY TREASURER OF COOK COUNTY, ILLINOIS, FOR JUDGMENT AND SALE OF REAL ESTATE FOR GENERAL TAXES FOR THE YEAR 1980 (Heritage Standard Bank, as Trustee, et al., Petitioners-Appellants,
v.
Edward J. Rosewell, Cook County Treasurer, as Trustee of the Indemnity Fund Created Pursuant to Section 247a of the Revenue Act of 1939, as Amended, Respondent-Appellee).
No. 1-87-2696.
Illinois Appellate Court  First District (1st Division).
Opinion filed June 12, 1989.
Rehearing denied August 2, 1989.
*702 Daniel J. Pierce, P.C., of Chicago (Daniel J. Pierce, of counsel), for appellants.
Cecil A. Partee, State's Attorney, of Chicago (Mark R. Davis and Robert O. Carroll, Assistant State's Attorneys, of counsel), for appellee.
Reversed and remanded.
JUSTICE O'CONNOR delivered the opinion of the court:
Petitioner Larry Burke (Burke) filed a petition for indemnification pursuant to section 247a of the Revenue Act of 1939 (Ill. Rev. Stat. 1987, ch. 120, par. 728a), after the county clerk of Cook County failed to process Burke's redemption of a three-unit apartment building. The respondent Cook County collector, as trustee under section 247a (the Collector), admitted liability for failure to process the redemption, and Burke was awarded indemnification in the amount of the fair market value of the subject property, less the redemption amount. Burke appeals, arguing that the circuit court incorrectly deducted the redemption amount. For the reasons below, we reverse and remand.
The procedures for the assessment and enforcement of property taxes, and the remedies of redemption and indemnification, are set forth in the Revenue Act of 1939 (Ill. Rev. Stat. 1987, ch. 120, par. 482 et seq.). The tax sale, redemption and indemnification process is summarized below.
*703 After property taxes are assessed for a subject property, a lien for the taxes attaches to the property. The lien is extinguished when the taxes are paid, or when the property is sold pursuant to any of the enforcement provisions in the Revenue Act, which include a tax sale, explained below; a forfeiture sale, held subsequent to the tax sale for properties that were not bid on in the tax sale; and the scavenger sale for properties over five years delinquent.
If the taxes on the subject property are not paid, they are declared delinquent. The county clerk publishes a list of delinquent properties, and notice is given to the individual owners. A judgment sale record is prepared and serves as the complaint in the circuit court. The judgment sale record is held by the county clerk, who enters the details of any payments, sales, forfeiture, redemption, and tax deed proceedings. At the appointed time the judgment sale record is presented to the circuit court. The property owner is entitled to be present and present evidence at the hearing. If the court enters an order of sale, the subject property becomes subject to a tax sale. At the annual tax sale, delinquent properties are submitted in order and the sale continues until all parcels bid on are sold.
No property is forfeited at the tax sale; the tax sale buyer receives, for the amount of the delinquent taxes, plus interest and costs, a tax sale certificate. The owner may pay the taxes at any time before the tax sale is final, and the property tax lien is extinguished when the tax sale certificate is issued. The tax sale certificate does not constitute title to the property, which the owner still holds. Rather, the tax sale certificate is personal property, a form of negotiable instrument, which represents a lien on the property in favor of the tax buyer and the tax buyer's right to enforce the lien and institute tax deed proceedings after the redemption period expires.
The property owner is given a length of time after the tax sale certificate is issued, called the redemption period, in which to redeem the property. To redeem the property, the owner must pay an amount that varies, but is generally the amount paid by the tax buyer plus accrued interest and costs. The minimum length of the redemption period is prescribed by statute and varies depending on the type of sale from which the taxes were bought, and whether the property is residential or commercial. The redemption period may be extended by the tax buyer. Once the property is redeemed, the lien imposed by the tax sale certificate is extinguished.
If the property is redeemed, the tax buyer receives his original investment plus accrued interest and costs, and the redemption is noted on the tax sale certificate by the county clerk, so no tax deed will be *704 issued on the certificate. If the property is not redeemed, the tax buyer may institute tax deed proceedings. The tax deed proceedings are conducted according to article IX, section 8, of the Illinois Constitution because if a tax deed is issued, the owner forfeits the property and the tax sale certificate becomes merchantable title to the property.
The legislature recognized that the forfeiture process sometimes led to harsh results, however, and created an alternative remedy to redemption. Section 247a of the Revenue Act of 1939 (Ill. Rev. Stat. 1987, ch. 120, par. 728a) created a fund to indemnify eligible parties for losses sustained from failure to redeem their property (the indemnity fund). The criteria for recovery from the fund are set forth in section 247a(5), which states:
"Any owner of real estate sold pursuant to any provision of this Act at a sale held subsequent to September 1, 1970, who without fault or negligence of his own sustains loss or damage by reason of the issuance of a tax deed pursuant to Sections 266 or 266a, and who is barred or in any way precluded from bringing an action for the recovery of such real estate or any owner of property containing four or less dwelling units who resided thereon the last day of the period of redemption who, in the opinion of the Court which issued the tax deed order, is equitably entitled to just compensation, has the right to indemnity for the loss or damage sustained. Indemnity shall be limited to the fair cash value of the real estate as of the date that the tax deed was issued, less any mortgages or liens thereon." Ill. Rev. Stat. 1987, ch. 120, par. 728a(5).
It is within the procedural context described above that the instant case arose. Burke failed to pay the 1980 general real estate taxes on a three-unit apartment building at 7008 South Archer Avenue in Chicago (the subject property), and the delinquent taxes were purchased at the annual tax sale on May 3, 1982. Burke learned of the sale and redemption deadline in January 1984, and the tax buyer, not a party to this appeal, gave Burke until May 11, 1984, to redeem the property.
On May 1, 1984, Burke delivered a certified check payable to the county collector for the full redemption amount of $13,462.83, consisting of $7,583.98 in unpaid taxes, $5,460.47 in accrued interest to the tax buyer, and $418.38 in costs and fees. County personnel did not process the redemption, however, and a tax deed was issued on June 15, 1984.
On October 2, 1984, Burke filed a petition for indemnity pursuant to section 247a of the Revenue Act (Ill. Rev. Stat. 1987, ch. 120, par. 728a). On May 22, 1987, Burke filed a motion for summary judgment *705 on the issue of liability. The Collector admitted liability and summary judgment was entered. The parties later stipulated that the fair market value of the subject property on June 15, 1984, was $141,000. There were no liens or mortgages against the subject property on the date the tax deed issued.
On July 20, 1987, the circuit court issued an order finding that Burke was entitled to indemnification in the amount of $127,536.17, the fair market value of the subject property on June 15, 1984, minus the redemption amount. Burke appeals, arguing that the circuit court improperly deducted the redemption amount from the fair market value of the property.
Burke argues that while the court may consider equitable factors in determining whether a plaintiff is entitled to indemnification, it may not consider equitable factors in calculating the amount of indemnification. Burke's argument is supported by the plain language of section 247a, which sets forth the criteria for recovery in the first sentence, and includes the consideration of equitable factors by the court:
"Any owner of real estate * * * who without fault or negligence of his own sustains loss or damage by reason of the issuance of a tax deed * * * or any owner of property * * * who resided thereon the last day of the period of redemption who, in the opinion of the Court which issued the tax deed order, is equitably entitled to just compensation, has the right to indemnity for the loss or damage sustained." (Ill. Rev. Stat. 1987, ch. 120, par. 728a(5).)
The second sentence of section 247a, however, provides a mechanical formula for calculation of the award which does not mention equitable considerations: "[i]ndemnity shall be limited to the fair cash value of the real estate as of the date that the tax deed was issued, less any mortgages or liens thereon." Ill. Rev. Stat. 1987, ch. 120, par. 728a(5).
The legislature contemplated that the interest in enforcing tax assessment through the forfeiture process would in some instances create harsh results, causing some plaintiffs to lose their property through no fault of their own, or due to a lack of sophistication or ability to understand the forfeiture process. Naturally, however, not all plaintiffs would be helpless in the face of the tax laws. Thus the most reasonable interpretation of section 247a indicates that while a court may examine the facts of a particular case to determine whether a plaintiff is fairly entitled to indemnification, the court does not have the same latitude in calculating the amount of the award. The amount of the indemnification would not be influenced by equitable considerations, as both the market value of a property and any outstanding *706 liens or mortgages could be determined with reasonable precision. The plain language of section 247a(5) shows that application of the statute is not, as the trial court stated, "cloaked in equity."
In deciding to deduct the redemption amount, the trial court relied substantially on In re Application of Cook County Treasurer & Ex Officio Collector (1983), 119 Ill. App.3d 212, 456 N.E.2d 221, appeal denied (1983), 96 Ill.2d 560 (hereinafter Viso), stating, "the Viso decision appears to allow trial court discretion to be somewhat creative in structuring an equitable award that justly compensates the property owner for the exact loss or damage sustained." Even had the trial court's reliance on Viso been proper, allowing Burke to recover less than the full value of his property was contrary to the manifest weight of the evidence.
In Viso, a clerical error prevented redemption, a tax deed was issued, and the petitioner, Joyce Viso, was evicted from her home. Viso petitioned for indemnification, and the trial court found that she was equitably entitled. The trial court awarded Viso the fair market value of her house, $56,000, and ordered her promptly to submit proof to the court of payment of the personal note of $17,126.56, which had been severed from the mortgage. The appellate court affirmed: mechanical application of section 247a(5) would have resulted in an indemnification award of $38,873.44, and, subtracting the amount of the personal note, left Viso with a net recovery of $21,746.88, a result the court found "inequitable and contrary to the spirit of the statute." In re Application of County Treasurer, 119 Ill. App.3d at 216.
The application of equitable considerations to calculating the indemnification has not been followed, however. Instead, cases have held that the court has no discretion in determining the amount of the indemnification. (In re Application of County Treasurer & Ex Officio County Collector (1983), 114 Ill. App.3d 921, 924, 449 N.E.2d 879 ("The trial court has no discretion in computing the amount of damages and must strictly adhere to the mandate of the statute"); In re Application of Kane County Collector (1981), 102 Ill. App.3d 43, 48, 429 N.E.2d 590 ("Once [it is] determined * * * that the petitioner is [eligible for the remedy, the equities are no longer relevant;] * * * all that remains is for the trial court to make [a] determination of the amount").) Further, although the phrase "limited to" in section 247a(5) seems to allow some discretion in the calculation of the indemnification, the phrase
"clearly is intended to prevent a property owner from recovering more than the equity in the property by requiring that the value of any liens or mortgages be deducted from the market *707 value. This limiting language fixes a date certain to determine the amount of recovery and bars recovery of any other actual, consequential or punitive damages as well as fees, costs and expenses of litigation." (In re Application of Kane County Collector (1981), 102 Ill. App.3d 43, 49, 429 N.E.2d 590.)
Moreover, the mandate for liberal construction upon which the Collector relies appears not to apply to the determination of the amount of compensation but to whether compensation should be made: "[t]he Court shall liberally construe this Section to provide compensation wherever in the discretion of the Court the equities warrant such action." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 120, par. 728a(6).) This interpretation is consistent with the language in section 247a(5) that allows the trial court to consider the equities to determine whether a petitioner is entitled to compensation.
 1 The trial court's application of equitable considerations to the calculation of the indemnification was contrary to the weight of authority, but even had the application of equitable principles been proper, here any reduction from the full market value of the property was contrary to the manifest weight of the evidence. Burke made inquiries promptly after he was notified of the tax sale, and a certified check for the full amount of redemption was in the possession of the county clerk's office before the redemption period had expired. Burke did all that he could to ensure that his property was redeemed. It would be inapt to reduce the amount of Burke's loss on "equitable" principles when he suffered the loss through no fault of his own. Deducting the redemption amount would, in effect, force Burke to pay for a remedy he did not receive.
 2, 3 The Collector also argues that the redemption amount constituted a lien on the subject property and was properly deducted in any event. The Collector urges that we calculate Burke's indemnification by determining his equity in the subject property the day before the tax deed issued. Accordingly, the Collector contends, Burke's equity was the fair market value less the lien for the redemption amount held by the tax buyer. The Collector's premises has no basis, however.
Section 247a expressly states that the indemnification "shall be limited to the fair cash value of the real estate as of the date of that the tax deed was issued, less any mortgages or liens thereon." (Ill. Rev. Stat. 1987, ch. 120, par. 728a(5).) If the fair market value of the property is determined as of the date the tax deed is issued, it is logical to look to that date to determine what liens or mortgages shall be subtracted. But the lien in favor of the tax buyer for the amount of the redemption is extinguished upon redemption, or when the tax deed is *708 issued. Calculating the value of the property and the setoffs as of the date the tax deed was issued, the lien representing the redemption amount no longer existed. Therefore, the lien for the redemption amount should not be deducted from the value of the property because it no longer exists on the date from which the owner's equity in the property is determined. A lien once extinguished cannot be revived by the device of granting a setoff. The equitable powers of a court may not be exercised in contradiction to the plain requirements of a statute. 601 W. 81st Street Corp. v. City of Chicago (1984), 129 Ill. App.3d 410, 472 N.E.2d 827.
 4 The Collector finally argues that the trial court should have considered, as an equitable matter, the indemnity fund's capacity to pay out awards, and that limiting the present award increases its ability to pay out future awards. This argument has been rejected. (In re Application of Cook County Treasurer & Ex Officio Collector (1983), 119 Ill. App.3d 212, 456 N.E.2d 221, appeal denied (1983), 96 Ill.2d 560.) As plaintiff points out, the indemnity fund has access to the legislature to change the laws to increase the indemnity fund, or limit the amount of a single award. It should also be noted that the legislature already has limited the amount of a single award: the fair cash value of the real estate, less any mortgages or liens. The instant case turns on the instant facts and not on speculation of future awards.
In conclusion, we hold that the trial court erred in deducting the redemption amount from the fair market value of the subject property. Once the trial court determined that Burke was entitled to indemnification, it had no discretion to apply equitable considerations in calculating the indemnification award. Any lien for the redemption amount was extinguished by the time the tax deed was issued and therefore should not have been deducted from the fair market value of the subject property. We note further that here, equitable considerations militated against deducting the redemption amount from the value of the property, since Burke suffered the loss through no fault of his own, and to require Burke to pay the redemption amount would require him to pay for a remedy he did not receive. Accordingly, the ruling of the trial court is reversed, and this case is remanded with instructions that the Collector be ordered to indemnify Burke for the full market value of the subject property, $141,000.
Reversed and remanded.
MANNING, P.J., and BUCKLEY, J., concur.