*In re* APPLICATION OF THE COUNTY COLLECTOR FOR JUDGMENT AND SALE AGAINST LANDS AND LOTS RETURNED DELINQUENT FOR NONPAYMENT OF GENERAL TAXES FOR THE YEAR 1977 AND PRIOR YEARS (Lorraine Shek, Plaintiff-Appellant, v. Edward J. Rosewell, Treasurer, as Trustee of the Indemnity Fund, Defendant-Appellee).

First District (3rd Division)   No. 1—87—1297

Opinion filed June 21, 1989.

Barry E. Burke, of Chicago, for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Joan S. Cherry, Mark R. Davis, and Kevin P. Burke, Assistant State's Attorneys, of counsel), for appellee.

PRESIDING JUSTICE FREEMAN delivered the opinion of the court:

Plaintiff, Lorraine Shek (Shek), appeals from a judgment of the circuit court, after a bench trial, which dismissed her petition for indemnity from the treasurer of Cook County pursuant to the provisions of section 247a of the Revenue Act of 1939 (Ill. Rev. Stat. 1987, ch. 120, par. 728a) for the loss of title to her property by reason of the issuance of a tax deed.

The record indicates that plaintiff owned land located at 11801 South Wallace in Chicago, which plaintiff purchased in 1975. On February 14, 1979, Michael LaPat purchased the property at the Cook County collector's annual tax sale, after plaintiff failed to pay a portion of the general real estate taxes for the year 1977. During 1980, plaintiff filed a bankruptcy proceeding, which was dismissed by the bankruptcy court. On December 9, 1982, plaintiff filed a Chapter 13 bankruptcy petition. The petition listed LaPat as a creditor who was to receive monthly payments of $80 on a debt of $316.75.

On January 21, 1982, LaPat filed an application for issuance of a tax deed under the Revenue Act. LaPat's petition listed the expiration date of the period of redemption as January 7, 1982. On or about April 26, 1982, LaPat's motion to stay the order of the bankruptcy court regarding Shek's Chapter 13 petition was granted by the bankruptcy court. On January 9, 1984, after a hearing in the circuit court of Cook County, an order was entered granting LaPat's petition for a tax deed and directing the Cook County clerk to issue a tax deed in the name of LaPat. The tax deed was duly recorded.

During 1982 and 1983, Shek made payments to the bankruptcy trustee as required under the Chapter 13 plan. None of the payments due LaPat were made. On or about January 9, 1984, plaintiff received notice of the tax sale. Plaintiff filed the instant action on December 3, 1984. The matter was tried before Judge Wachowski on March 27, 1987. At trial, plaintiff was the only witness.

Plaintiff testified that she was a high school graduate and had taken a real estate course. She was employed as a certified nurse's assistant. Previously she worked as an inspector for ITT. Plaintiff testified that twice, once in 1977 and again in 1980, fire damaged the

building on her property and she rebuilt and restored the structure. After the property was damaged in 1977, plaintiff paid the mortgage on the property through an escrow account. Plaintiff testified that when she paid the mortgage, she believed the taxes also were being paid. While doing the repair work on the property, plaintiff sometimes stayed in the basement of the building and otherwise lived with her ex-husband in Des Plaines. Plaintiff also testified that at some point, she spoke with LaPat about redeeming her property, but that LaPat told her that it was too late.

Documentary evidence, including a schedule of creditors from plaintiff's Chapter 13 proceeding and an estimate by the Cook County collector of the cost of redemption from the tax sale, was admitted at trial. Both of these documents were dated December 9, 1981. The estimated cost of redemption was $708.10.

At trial plaintiff's counsel argued, among other things, that plaintiff mistakenly believed that the stay of the bankruptcy proceeding would toll the period of redemption. Plaintiff's counsel asserted that whether the stay would toll the redemption period was an issue of first impression in the Federal court, and therefore, the parties could not rely on established case law regarding the outcome of the case.

In dismissing plaintiff's petition, the trial court stated that plaintiff was advised in time of the tax sale but failed to take action to redeem the property. The court found that plaintiff's failure to redeem was due to plaintiff's own negligence.

On appeal, plaintiff contends that the trial court's decision is contrary to the manifest weight of the evidence. Plaintiff contends that the trial court failed to find that she acted wilfully in failing to redeem her property. Plaintiff asserts that she did not receive notice of the tax sale until 1982. Further, she asserts that she was under the impression that her tax problems were being rectified through the Chapter 13 proceedings and debt payment arrangements. Plaintiff also spoke with LaPat, the purchaser, in an effort to redeem her property. Further, plaintiff argues that she is the type of "unsophisticated property owner" which the Revenue Act is designed to protect. She had some difficulty with handling the repairs on the damaged property while commuting to Des Plaines. In addition, after the property was destroyed by fire and plaintiff used insurance settlement money to satisfy the mortgage, plaintiff believed that the balance of her tax debt also was being paid, since she made payments to the bank through an escrow account.

■■ ■ The portion of the statute relevant to the instant case provides that a land owner, "who without fault or negligence of his

own," loses title to his property through issuance of a tax deed is entitled to indemnity for the loss. (Ill. Rev. Stat. 1987, ch. 120, par. 728a(5).) In construing the meaning of "without fault or negligence," the court in *Garcia v. Rosewell* (1976), 43 Ill. App. 3d 512, 357 N.E.2d 559, directed that

> "a party need not be totally blameless, but the person claiming the asserted right must not have purposely failed in a duty or engaged in conduct that materially contributed to the problem complained of. We emphasize that each case must be decided on its own facts." (*Garcia*, 43 Ill. App. 3d at 517.)

In *Garcia*, the court held that the petitioner's failure to redeem her property after a tax sale did not constitute fault or negligence under the Act. In so holding, the court found that prior to the running of the redemption period, a third party fraudulently represented to the petitioner that he already owned the property. In addition, the petitioner had a reduced capacity to handle her business affairs since she had a dying husband and their nine children to care for during the time in which the property could have been redeemed. *Garcia*, 43 Ill. App. 3d at 517.

Plaintiff cites *In re Application of Cook County Treasurer & Ex-Officio Collector* (1983), 119 Ill. App. 3d 212, 456 N.E.2d 221, for the proposition that the statute is to be construed liberally to award indemnity where equity requires an award. The cited case, however, is distinguishable from the instant case since, in the cited case, the court found that administrative errors interfered with the petitioner's attempted redemption of the property. (*In re Application of Cook County Treasurer*, 119 Ill. App. 3d at 215.) There were no such administrative errors in the instant case.

Plaintiff also cites *In re Application of County Collector* (1978), 59 Ill. App. 3d 494, 375 N.E.2d 553 (*Korzen*). In *Korzen*, the appellate court reversed the finding of the trial court that the petitioner was "without fault or negligence" in failing to redeem her property. The trial court found that the death of the petitioner's husband resulted in her being the sole owner of the property; that her husband had always taken care of the couple's business matters; and that she was "psychotic" at the time of her husband's death and subsequently. In holding that the trial court's decision was contrary to the weight of the evidence, the appellate court stated that the evidence showed the petitioner was educated, had taken courses in real estate, and had paid the taxes on the property previously. The court found that the petitioner's failure to act, after twice receiving notice to redeem her property, was due to apparent indifference or a wilful failure to act.

*Korzen,* 59 Ill. App. 3d at 499.

Finally, plaintiff cites *In re Application of Kane County Collector* (1985), 135 Ill. App. 3d 796, 482 N.E.2d 161, in which the appellate court affirmed the trial court's denial of indemnity to the petitioner. The issue in the cited case, however, focused on the language of section 247a that allows for indemnity where the court finds the petitioner "equitably entitled to just compensation." (Ill. Rev. Stat. 1979, ch. 120, par. 728a(4).) Those provisions are not pertinent to the instant case. The court in *In re Application of Kane County Collector* did, however, touch on the issue raised in the instant case to the extent that it found that the petitioner's awareness of her responsibilities and ability to handle her business affairs supported its decision that she was not equitably entitled to indemnity. *In re Application of Kane County Collector,* 135 Ill. App. 3d at 808.

■ The trial court's judgment, in the instant case, may not be overturned unless it is against the manifest weight of the evidence. (*In re Application of the County Collector v. Korzen* (1978), 59 Ill. App. 3d 494, 375 N.E.2d 553.) A judgment is against the manifest weight of the evidence if it appears that conclusions, contrary to those reached by the trier of fact, are clearly evident. (*In re Application of Cook County Collector* (1988), 174 Ill. App. 3d 981, 529 N.E.2d 570.) Plaintiff presented evidence that she was burdened with rebuilding the structure on the subject premises and traveling between the subject premises and the apartment in Des Plaines. She also believed that her taxes were taken care of by means of her filing a bankruptcy petition and making payments through an escrow account at her bank.

■ In view of the entire record, however, we find the trial court's determination, that plaintiff's failure to redeem her property was due to her own negligence, is supported by the weight of the evidence. Therefore, we agree with the trial court that plaintiff was not entitled to indemnification under the Act and the judgment denying her relief was properly entered.

First, plaintiff had a high school education and had taken a course in real estate. She was the sole owner of the subject property for a number of years prior to the tax sale. Further, the record fails to support her assertion that she did not receive notice of the tax sale to LaPat until 1982, after the period of redemption expired. Rather, plaintiff introduced into evidence the estimate of redemption document from the tax sale, which was dated December 9, 1981, and reflected an expiration date for the period of redemption of January 7, 1982. Further, plaintiff's Chapter 13 schedule of creditors was filed on

December 9, 1981, before expiration of the redemption period, and listed LaPat, the purchaser, as a creditor. These documents support the conclusion that plaintiff was aware of the tax sale prior to the January 2, 1982, expiration date for redemption. Further, the record fails to indicate specifically that plaintiff was relying on a stay of the bankruptcy proceeding to extend the period of redemption. In short, the record indicates that plaintiff's failure to redeem her property was due to her own negligence or inadvertence.

In addition, we note that there was no fraud in the instant case as was present in *Garcia v. Rosewell* (1976), 43 Ill. App. 3d 512, 357 N.E.2d 559. Rather, the instant case is more factually similar to *Korzen*, in which the petitioner had notice that the taxes were not paid, but failed to take action to redeem the property. In view of our findings, we are compelled not to disturb the judgment of the trial court.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Judgment affirmed.

WHITE and CERDA, JJ., concur.