ANN KIRK, Petitioner-Appellee, v. EDWARD J. ROSEWELL, County Treasurer, Respondent-Appellant.

First District (2nd Division)   No. 1—90—0599

Opinion filed February 11, 1992.

Jack O'Malley, State's Attorney, of Chicago (Joan S. Cherry, Daniel E. Cannon, and Thomas M. Davy, Assistant State's Attorneys, of counsel), for appellant.

Burton A. Brown, P.C., of Chicago (Burton A. Brown, of counsel), for appellee.

JUSTICE McCORMICK delivered the opinion of the court:

Respondent, County Treasurer Edward J. Rosewell, appeals from an order of the circuit court requiring him to pay petitioner, Ann Kirk, $50,000 from an indemnity fund created to compensate owners of real estate who lose their property through tax sales. Respondent contends that the trial court erred in finding that petitioner was entitled to be indemnified for the loss of her property.

In April 1988, petitioner filed a claim for indemnity against respondent seeking recovery under section 247a(5) of the Revenue Act (Ill. Rev. Stat. 1987, ch. 120, par. 728a). Section 247a(5) provides:

"Any owner of real estate sold pursuant to any provision of this Act at a sale held subsequent to September 1, 1970, who without fault or negligence of his own sustains loss or damage by reason of the issuance of a tax deed pursuant to Sections 266 or 266a, and who is barred or in any way precluded from bringing an action for the recovery of such real estate or any owner of property containing four or less dwelling units who resided thereon the last day of the period of redemption who, in the opinion of the Court which issued the tax deed order, is equitably entitled to just compensation, has the right to indemnity for the loss or damage sustained. Indemnity shall be limited to the fair cash value of the real estate as of the date that the tax deed was issued, less any mortgages or liens thereon."

At the hearing on her petition for compensation, petitioner testified that she was 56 years old, that she graduated from Truman College in 1979 and that prior to 1980 she worked at the college as a lab technician. Petitioner testified that the Eberhart property was

originally owned by her grandparents, who lived in the first-floor apartment. In 1980, petitioner quit her job and moved in with her grandparents so that she could care for her grandfather, who was suffering from cancer. Petitioner testified that her grandparents' only source of income was her grandfather's pension and the rent from two apartments they owned. Petitioner also testified that her grandparents' savings were depleted by the expenses of her grandfather's illness.

After petitioner's grandfather died in 1983, petitioner continued to live in the Eberhart property, looking after her grandmother, who was also ill. Petitioner herself had no income and she and her grandmother lived off the apartment rents and death benefits left by petitioner's grandfather.

The record establishes that on January 25, 1985, the Eberhart property was sold for nonpayment of the 1983 real estate taxes. The record also establishes that on January 26, 1985, petitioner and her grandmother cosigned for a $17,500 loan to finance repairs to the property. The property was used as collateral, and the loan was to be repaid in monthly installments of $273.63. At the time of the hearing, petitioner was still making monthly payments on the loan.

In December 1985, petitioner's grandmother executed a quit-claim deed, transferring title to the property to petitioner. In early 1986, petitioner began receiving monthly social security benefits because of a back injury suffered in 1981. Petitioner testified that in addition to the back injury, she also suffered from carpal tunnel syndrome, which made it difficult for her to use her hands.

In July 1986, petitioner's grandmother died. After her grandmother's death, petitioner's only income was her monthly social security payment. Petitioner testified that at the time of the hearing, she still owed $1,400 for her grandmother's funeral expenses.

On April 2, 1985, petitioner obtained a cashier's check in the amount of $452.42 to pay the 1983 real estate taxes on the property. Petitioner testified that when she took the check to the county clerk's office, she was told that she owed an additional $40 on the 1983 taxes. According to petitioner, she returned to the clerk's office two weeks later with the $40, and at that time was told that, because of penalties, she needed another $100. When she returned three weeks later with the additional $100, she was again told that she needed more money and advised to obtain an estimate of cost of redemption.

Although petitioner initially testified that it was a matter of weeks between her visits to the clerk's office, she later stated that

there could have been months between her visits. Petitioner also stated that she probably requested more than one estimate of cost of redemption for the 1983 taxes; however, only one estimate was produced at the hearing.

This estimate, which was undated, stated that the property had been sold for 1983 taxes and that the tax purchaser had also paid the first and second installments of the 1986 taxes for a total cost of redemption of $1,818.78. Petitioner testified that after getting the estimate, she attempted to borrow the money to pay the taxes from family members and friends but was unsuccessful. Petitioner stated that she did not attempt to get a bank loan using the property as collateral because of the earlier loan which was still outstanding.

On cross-examination, petitioner testified that her grandparents also owned property located at 7530 South Evans in Chicago and that she had previously redeemed back taxes on both this property and the property located on Eberhart. Petitioner admitted that because of her previous experiences, she was aware that she would lose the property if she did not redeem the taxes.

Following the hearing, the court found that, based on "all relevant factors and the totality of the circumstances," petitioner was entitled to $50,000 in compensation for the loss of her property.

In this appeal, respondent argues that the trial court abused its discretion in ruling that petitioner was equitably entitled to compensation under section 247a(5). We disagree.

In 1980, section 247a(5) was amended to add the language concerning residential owners of property containing four or fewer dwelling units. This amendment allows a trial court to award compensation to a residential owner whose property is sold for nonpayment of taxes, without regard to the owner's fault or negligence, if the court concludes that the owner is equitably entitled to compensation. *In re Application of Cook County Collector* (1988), 174 Ill. App. 3d 981, 529 N.E.2d 570 (*Walker v. Rosewell*); *In re Application of Kane County Collector* (1985), 135 Ill. App. 3d 796, 482 N.E.2d 161 (*Tharp v. Critton*).

A trial court has broad discretion in determining whether an owner is entitled to compensation and its conclusions should not be disturbed on review absent an abuse of that discretion. (*Tharp v. Critton*, 135 Ill. App. 3d at 805.) In *Tharp*, the appellate court described an abuse of discretion as judicial action that is arbitrary, fanciful or unreasonable. The court added that discretion is abused only where no reasonable man would take the view adopted by the

trial court. If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion. *Tharp*, 135 Ill. App. 3d at 805-06.

In arguing that the trial court erred in determining that petitioner was equitably entitled to compensation, respondent relies on this court's decision in *Walker v. Rosewell*. Walker, like petitioner in the present case, attempted to redeem her taxes and was informed that she needed more money. When Walker returned with the money, she was told that she needed still more. Two estimates of cost of redemption were issued to Walker and she was aware that she would lose her property if she did not pay the taxes. In addition, Walker, like petitioner, had previously redeemed property and, therefore, was familiar with redemption procedures. On appeal from a denial of compensation, this court found sufficient facts to support the trial court's ruling that Walker was not equitably entitled to compensation. *Walker*, 174 Ill. App. 3d at 987.

However, unlike *Walker*, in the present case we are required to determine whether there are sufficient facts to support the trial court's ruling that petitioner *was* entitled to compensation. Thus, despite the factual similarities between this case and *Walker*, we find that our earlier decision has little applicability to the case before us. This finding is supported by the fact that the courts of this State have held repeatedly that each indemnity fund case must be decided on its own facts. *Van Dahm v. Novak* (1988), 174 Ill. App. 3d 880, 529 N.E.2d 43; *In re Application of County Collector* (1978), 59 Ill. App. 3d 494, 375 N.E.2d 553 (*Diller v. Korzen*); *Garcia v. Rosewell* (1976), 43 Ill. App. 3d 512, 357 N.E.2d 559.

In the present case, before ruling in petitioner's favor, the trial court stated that its decision was based on all relevant factors and circumstances. These factors and circumstances included petitioner's testimony describing her attempts to redeem her property, as well as her testimony that she was unemployed, that she was disabled, and that her only source of income was her monthly social security payment. In addition, there was testimony from petitioner that she was still making monthly payments on a loan obtained to make repairs to the property and that she still had outstanding medical bills and funeral expenses incurred by her grandparents.

■ Although it could be argued that petitioner was at fault for failing to redeem the property, under section 247a, the question of whether petitioner is equitably entitled to indemnity is to be determined without regard to fault. Given petitioner's testimony concerning her financial status, her health, and her unemployment, we can-

not say that reasonable men would not differ as to the propriety of the trial court's action; nor can we say that no reasonable man would take the view adopted by the trial court. Accordingly, we find that the trial court did not abuse its discretion in determining that petitioner was equitably entitled to compensation.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

SCARIANO and DiVITO, JJ., concur.