CANDACE L. CANTRELL, Plaintiff-Appellant, v. ARLENE WENDLING *et al.*, Defendants (Du Quoin State Bank, Defendant-Appellee).

Fifth District   No. 5—92—0369

Opinion filed September 8, 1993.

Bruce D. Irish, of Sam C. Mitchell & Associates, of West Frankfort, for appellant.

James W. Campanella, of Du Quoin, for appellee.

JUSTICE WELCH delivered the opinion of the court:

On September 18, 1991, plaintiff, Candace L. Cantrell, filed in the circuit court of Williamson County a complaint against defendants, Arlene Wendling and Wayne Wendling, doing business as The Chalet, pursuant to section 6—21 of the Liquor Control Act of 1934. (Ill. Rev. Stat. 1989, ch. 43, par. 135.) The complaint alleges that defendants were the licensees and operators of a tavern known as "The Chalet" and that plaintiff was injured in an automobile collision with Herbert

E. Krumrey, who had become intoxicated while drinking alcoholic liquors at The Chalet.

On January 6, 1992, plaintiff filed an amendment to the complaint adding count II against Arlene Wendling and Wayne Wendling as owners of The Chalet. On that same date, plaintiff filed a second amendment to the complaint amending count II to add the Du Quoin State Bank as an owner/defendant. This complaint against the Du Quoin State Bank (hereinafter Bank) simply alleges that the Bank was one of the owners of The Chalet and that it owned The Chalet with knowledge that alcoholic liquors were sold therein and knowingly permitted therein the sale of alcoholic liquors causing the intoxication of Herbert E. Krumrey.

On February 4, 1992, the Bank filed a motion pursuant to section 2—615 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—615) to dismiss with prejudice the complaint against it. The motion argues that the Bank is not an owner of The Chalet but is a mere mortgage holder against the premises by virtue of a note and mortgage executed by Arlene Wendling and Wayne Wendling. The motion further argues that as a mere mortgage holder the Bank is not an "owner" of the premises and does not fall within the purview of section 6—21 of the Liquor Control Act of 1934, which provides a cause of action only against a "person owning, renting, leasing or permitting the occupation of any building or premises with knowledge that alcoholic liquors are to be sold therein." Ill. Rev. Stat. 1989, ch. 43, par. 135.

On February 13, 1992, plaintiff filed an objection to the motion to dismiss, and on March 16, 1992, the court ordered all parties to submit legal memoranda and authority supporting their respective positions on the motion to dismiss. On March 26, 1992, the Bank filed its memorandum of law; on April 2, 1992, plaintiff filed her memorandum of law.

Also on April 2, 1992, plaintiff filed a motion for leave to amend count II of her complaint. Attached thereto was a copy of the proposed amended count II. The motion for leave to amend alleges that additional facts have become known to plaintiff and that the proposed amendments will render moot some or all of the issues raised by the motion to dismiss and will clarify any remaining issues of law. The proposed amended count II alleges that the Bank held a note and mortgage on The Chalet from Arlene Wendling and Wayne Wendling, that the Wendlings had breached and defaulted on the terms of said note and mortgage, that the note and mortgage gave the Bank the right to immediate possession of The Chalet upon breach or default by

the Wendlings, and that by virtue of this right to immediate possession, the Bank had become an owner of The Chalet. The proposed amended count II further alleges that, by forbearing from taking possession of The Chalet or from instituting judicial proceedings for foreclosure, the Bank had knowingly permitted the occupation of said premises with knowledge that alcoholic liquors would be sold therein.

On April 28, 1992, the circuit court of Williamson County entered an order granting the Bank's motion to dismiss plaintiff's complaint against it with prejudice. The order recites that "there is no cause of action, as pled here, by plaintiff and against this defendant and that there could be no set of facts pled which could state such a cause of action." The order notes that plaintiff had filed a motion for leave to file a third amended complaint and that the court had reviewed all of the pleadings, including this motion for leave to amend. However, the court did not rule on the motion for leave to file an amended complaint, neither granting nor denying same. Instead, the court dismissed with prejudice plaintiff's complaint against the Bank based on the original pleading against the Bank, that is, the second amendment to the complaint, which simply alleged that the Bank was an owner of The Chalet. In doing so, the trial court abused its discretion.

■ The decision whether to allow amended pleadings is a matter within the sound discretion of the trial court, and its ruling on a motion for leave to amend will not be disturbed absent an abuse of discretion. (*Thomas v. Davenport* (1990), 196 Ill. App. 3d 1042, 1045-46, 554 N.E.2d 604, 606-07.) However, the trial court should exercise its discretion liberally in favor of allowing amendments if allowing the amendment will further the ends of justice. (*Beauvoir v. Rush-Presbyterian-St. Luke's Medical Center* (1985), 137 Ill. App. 3d 294, 303, 484 N.E.2d 841, 846.) The most important question is whether amendment will be in furtherance of justice, and amendment of defective pleadings should be permitted unless it is clear that the defect cannot be cured thereby. Any doubts should be resolved in favor of allowing amendments. *Thomas*, 196 Ill. App. 3d at 1046, 554 N.E.2d at 607.

■ In the instant case, plaintiff was given no opportunity to amend her pleading against the Bank to cure any defects. The plaintiff's original complaint against the Bank was cursory at best, and the proposed third amended complaint sets forth substantially more facts than did the original complaint. While we do not hereby pass judgment on the sufficiency or merits of that proposed third amended complaint, we cannot say on the record before us that no amendment could cure the defects in the original complaint. We hold only that plaintiff should have been given at least one opportunity to cure the

defects in her original complaint against the Bank. To hold otherwise would not further the ends of justice. Furthermore, we see no prejudice to the Bank in any way as a result of allowing plaintiff's motion for leave to amend.

After considering the peculiar facts and circumstances of this case and the impact upon all the parties of permitting or not permitting the motion for leave to amend, we find that the trial court's failure to grant plaintiff's motion for leave to amend her complaint does not further the ends of justice. The plaintiff was not given ample opportunity to state a cause of action against the Bank, and the trial court abused its discretion in dismissing the complaint against the Bank with prejudice.

Accordingly, although we affirm the dismissal of plaintiff's complaint against the Bank, we reverse that portion of the judgment of the circuit court of Williamson County ordering that the dismissal be with prejudice, and we remand this cause to the trial court with directions that it provide plaintiff ample opportunity to amend her pleadings.

Affirmed in part; reversed in part and remanded with directions.

CHAPMAN, P.J., and MAAG, J., concur.