FOURTH DIVISION    

September 24, 1998 

No. 1-97-1968

JOEANN McCLANDON, ) APPEAL FROM THE

) CIRCUIT COURT OF

Plaintiff-Appellant, ) COOK COUNTY.

)

v. ) 

) 

EDWARD J. ROSEWELL, Cook County ) 

Treasurer, as Trustee of the ) 

Indemnity Fund created by ) 

Section 21-295 of the Property ) HONORABLE

Tax Code, ) MICHAEL J. MURPHY,

) JUDGE PRESIDING.

Defendant-Appellee. )

PRESIDING JUSTICE SOUTH delivered the opinion of the court:

This action arises from a claim by plaintiff for indemnity against defendant, seeking recovery pursuant to section 21-295 through 21-305 of the Property Tax Code (35 ILCS 200/21-295 through 21-305 (West 1994)).  After a bench trial, the court entered judgment in favor of defendant from which this appeal is taken.

Plaintiff, Joeann McClandon, is a professional real estate investor who has attended several of the Cook County Collector's annual scavenger tax sales and has purchased delinquent taxes at those sales on numerous occasions.  She acquired tax deeds on several properties originally purchased at the Collector's annual  or scavenger sales.  Plaintiff has 16 years of formal education.

In her capacity as a tax buyer, plaintiff attended the 1984 Collector's annual delinquent tax sale and purchased, among other properties, the delinquent taxes on 9021 South Bishop in Chicago (the subject property) for $560.17.  She paid the subsequent years' taxes on the subject property and filed a petition for tax deed under case number 88 COTD 1203.  After a hearing, plaintiff received an order directing the County Clerk to issue her a tax deed on that property.  On September 12, 1988, plaintiff recorded that tax deed as document number 88414148 with the Cook County Recorder of Deeds.  After recording that tax deed, plaintiff never paid additional real estate taxes on that property.

Shortly after she received a tax deed, plaintiff was named as a party in a federal bankruptcy case filed by the previous owners of the subject property, Levander and Elnora McKeever.  In the Bankruptcy Court, the McKeevers attempted to have the issuance of the tax deed voided as a fraudulent transfer under section 555(h) of the Bankruptcy Code (11 U.S.C. §522(h)).  The Bankruptcy Court rejected the McKeever's arguments finding that the tax sale could not be avoided pursuant to the trustee's strong-arm powers.  
In re McKeever
, 166 B.R. 648 (U.S.B.C., N.D. Ill. 1994).  In an earlier reported decision in the same case, the Bankruptcy Court rejected the McKeever's attempt to avoid the transfer by tax deed based on a lack of "reasonably equivalent value".  
In re McKeever
, 132 B.R. 996 (U.S.B.C., N.D. Ill. 1991).

The 1988 taxes on the subject property were sold to National Indemnity Corporation (National), at the Collector's 1988 annual sale on March 13, 1990, after plaintiff failed to pay those taxes.  National subsequently assigned its certificate of purchase to Urban Visions, Inc.  Urban Visions paid the subsequent years' taxes which included the 1988 second installment, 1989, 1990 and 1991 taxes after plaintiff failed to pay those amounts as well.  Prior to the expiration of the period of redemption, Urban Visions filed its petition for tax deed as 92 COTD 3217 in the circuit court of Cook County.  After filing its petition for tax deed, Urban Visions served or attempted to serve notice upon the appropriate parties, including plaintiff.  The tax deed file indicated that the Cook County Sheriff attempted service on plaintiff five times at her home and several times at other locations.  Prior to the expiration of the redemption period, plaintiff had several conversations with Mary Cruz, an employee of National and Urban Visions, about the sale of the 1988 delinquent taxes to National, and the subsequent assignment to Urban Visions.  Following a hearing, the court issued an order directing the County Clerk to issue a tax deed to Urban Visions, dated July 14, 1993.

Following the issuance of the tax deed to Urban Visions, plaintiff filed an emergency motion to stay enforcement of the tax deed.  That motion was denied.  Shortly thereafter, plaintiff filed suit against defendant, as trustee of the Indemnity Fund, pursuant to section 21-295 through 21-305 of the Property Tax Code.  Plaintiff alleged in her petition for indemnity that she was not served with any of the notices required to be served upon her by sections 263 and 266 of the Revenue Act of 1939, as amended.  The petition for indemnity was initially dismissed for want of prosection; however, plaintiff came to court on a motion to vacate the dismissal, which was granted.  

At trial, plaintiff presented two witnesses, herself and her expert witness as to the value of the subject property.  Defendant tendered Mary Cruz and Ronald Banks, the administrative assistant to the Cook County Clerk's Director of Real Estate Tax Services.  Following arguments, the court entered judgment in favor of defendant finding that plaintiff contributed to the loss of the subject property through her negligence and fault, that she failed to pay taxes on the subject property and failed to protect her interest in the subject property despite knowledge of the consequences of failing to pay real estate taxes.  The court also found that plaintiff was aware of the notice-serving provisions of the Code, and that she failed to notify the Collector of her new mailing address for purposes of giving her notice of regular tax payments and the tax deed case.  The court additionally found that plaintiff knew of the tax delinquency on the subject property as she sought the advice of counsel with respect to the same problem.  Finally, the court found that plaintiff spoke with Cruz before the tax deed issued and that she was on notice of the pendency of the tax sale and all the consequences that arise therefrom.

Plaintiff later filed a motion for reconsideration.  The court found no reason to overturn its initial ruling and the motion was denied.  Shortly thereafter, she filed a motion to consolidate the tax deed case in which Urban Visions obtained the deed to the subject property with her petition for indemnity.  The court denied this motion finding that it lost jurisdiction of the petition for indemnity when the notice of appeal was filed and further, that it had been more that 30 days since the issuance of a final ruling in the tax deed case and, thus, the court had no jurisdiction to take action on that matter.

Plaintiff now argues that the lower court's decision finding that she lost title to the subject property through her own fault or negligence is contrary to the manifest weight of the evidence. A trial court has broad discretion in determining whether a residential owner whose property is sold for nonpayment of taxes is entitled to compensation and the trial court's conclusion should not be disturbed on review absent an abuse of discretion.  
Kirk v. Rosewell
, 225 Ill. App. 3d 326, 329, 587 N.E.2d 1214, 1216 (1992).  That discretion is abused only where no reasonable man would take the view adopted by the trial court.  
Kirk
, 225 Ill. App. 3d at 329-30, 587 N.E.2d at 1214.  The trial court's judgment will not be overturned unless it is against the manifest  weight of the evidence.  
Application of Cook County Collector (Ella Walker)
, 174 Ill. App. 3d 981, 985, 529 N.E.2d 570, 573 (1988).  In order for a finding to be contrary to the manifest weight of the evidence, an opposite conclusion must be clearly apparent.  
Application of County Collector (Elizabeth M. Miller)
, 59 Ill. App. 3d 494, 499, 375 N.E.2d 553, 557 (1978).  

Section 21-305 of the Property Tax Code provides:

"(a) Any owner of property sold under any provision of this Code, who without fault or negligence of his or her own sustains loss or damage by reason of the issuance of a tax deed *** and who is barred or in any way precluded from bringing an action for the recovery of the property or any owner of property containing 4 or less dwelling units who resided thereon the last day of the period of redemption who, in the opinion of the Court which issued the tax deed order, is equitably entitled to just compensation, has the right to indemnity for the loss or damage sustained.  Indemnity shall be limited to the fair cash value of the property as of the date that the tax deed was issued, less any mortgages or liens thereon."  35 ILCS 200/21-305 (West 1994).

In construing the meaning of "without fault or negligence", the court in 
Garcia v. Rosewell
, 43 Ill. App. 3d 512, 357 N.E.2d 559 (1976) directed that:

"[A] party need not be totally blameless, but the person claiming the asserted right must not have purposely failed in a duty or engaged in conduct that materially contributed to the problem complained of."  
Garcia
, 43 Ill. App. 3d at 517, 357 N.E.2d at 563.

While the Indemnity Fund was established to remedy the sometimes harsh results occasioned by a tax lien foreclosure proceeding (
In re Application of Cook County Treasurer (Heritage
 
Standard Bank
), 185 Ill. App. 3d 701, 704, 542 N.E.2d 15 (1989)), it was not designed to compensate property owners who contributed to the loss of their property.  Here, the evidence shows that plaintiff has 16 years of education; was a professional tax buyer; had acquired the subject property through a tax deed; had acquired other properties through tax deeds; owned at least eight other properties in 1990; spoke to representatives of National regarding redemption; and sought the advice of an attorney with regard to the subject property.  The manifest weight of the evidence supports the trial court's finding that plaintiff contributed to the loss of the subject property through her negligence and fault and, thus, the trial court properly denied her request for an indemnity award.

As to plaintiff's argument that she did not receive proper notice of the pendency of the tax deed proceedings being made by Urban Visions under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 West 1994), plaintiff had two years from July 14, 1993, the date that she was divested of her property, to file a petition with the court.  She did not take such an action, and cannot now raise the issue of adequacy of notice.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

McNAMARA and CERDA, JJ., concur.