797 N.E.2d 1122 (2003)
343 Ill. App.3d 363
278 Ill.Dec. 204
In re Application of the COUNTY COLLECTOR OF LAKE COUNTY for Order of Judgment and Sale Against Real Estate Returned Delinquent for Nonpayment of General Taxes and Special Assessment for the Year 1997 and Prior Years (Steven Levin and Kevin Bloom, Petitioners-Appellants,
v.
Robert Skidmore, County Treasurer, as Trustee of the Indemnity Fund Created by Section 21-295 et seq. of the Property Tax Code, Respondent-Appellee).
No. 2-02-1076.
Appellate Court of Illinois, Second District.
October 2, 2003.
*1124 Scott M. Annes, Law Offices of Scott M. Annes, Ltd., Chicago, for Kevin Bloom, Steven Levin.
Michael J. Waller, Lake County State's Attorney, Joseph B. Chervin, Assistant State's Attorney, Waukegan, for Robert Skidmore.
Presiding Justice HUTCHINSON delivered the opinion of the court:
Petitioners, Kevin Bloom and Steven Levin, appeal from the trial court's order dismissing with prejudice their petition for indemnity pursuant to section 21-305 of the Property Tax Code (35 ILCS 200/21-305 (West 2002)). They also appeal from the court's order denying their motion to reconsider. We affirm the order of dismissal, but reverse the order denying the motion to reconsider to the extent that it did not modify the dismissal with prejudice.
On March 28, 2002, petitioners filed a petition for indemnification from the fund (the fund) held by respondent, the Lake County treasurer, which exists to indemnify qualified persons who have lost properties due to issuance of a tax deed. The petition contained the allegations that follow. Bloom was the owner of record of the property at 34 S. Elmwood Avenue, Waukegan (the property), from "before 1996 through February 28, 2002." Levin was a co-owner of the property by virtue of a deed made by Bloom at some unidentified time before December 6, 2001. Levin was a "veteran of the Vietnam conflict and a decorated and distinguished soldier with two medals of valor and two purple hearts [who] suffer[ed] from significant disabilities as a result of gun shot wounds to his right arm and leg during his service." His disabilities "sometimes hampered [him] in his ability to attend to these matters."
Petitioners paid all property taxes due for the property through December 1997, but made no payments after that date until December 6, 2001, when they attempted to redeem the property. ML Agents purchased the delinquent taxes for all years in question. The period for redemption of the sold taxes expired on December 6, 2001. On that date, petitioners arranged to have a cashier's check for $13,000 sent by certified mail to the Lake County collector. Petitioners believed that the mailing of this check sufficed to preserve their interest in the property, although they now concede that it was mailed a day too late for compliance with redemption requirements. Their belief was the result of their reliance on the language in the notice they received that stated that "`Redemption can be made any time on or before December 6, 2001 * * *.'" (Emphasis added.) On February 28, 2002, the trial court, over petitioners' objections, issued a tax deed for the property to ML Agents. This, and other circumstances, precluded them from seeking relief from the issuance of the tax deed.
Respondent moved for dismissal of the petition pursuant to section 2-615 of the Code of Civil Procedure (the Code) (735 ILCS 5/2-615 (West 2002)). He alleged that the petition was defective in that it failed to plead that the property contained four or fewer units. The motion also contained a listing of other allegations petitioners did not plead. For instance, it stated that the petition did not allege that $13,000 would have been sufficient to make the redemption. It also noted that petitioners' exhibit A shows that the check by which they attempted the redemption was *1125 payable to "Lake County Collector" and was issued to "Gerry Goldman," but that the petition neither refers directly to Goldman nor explains his role. The motion further argued that petitioners' attempted mode of redemption was "negligent and at fault as a matter of law," because the law governing redemption states that a payment is timely only if it either is delivered in person or is mailed no later than one day before the expiration of the redemption period. The motion argued that petitioners' belief that their redemption method was proper was "incredible" because the notice sent to them states that a person can redeem a property "by applying to the County Clerk of Lake County, Illinois, at the County Courthouse in Waukegan, Illinois."
Finally, the motion argued that petitioners had failed to allege facts showing that they were equitably entitled to relief; nothing in the petition explained why Levin had taken no action before the redemption date, other than a general allegation that Levin had disabilities that "sometimes hampered [him] in his ability to attend to these matters." It further pointed out that the petition provided no explanation of why Bloom was unable to attend to the taxes. It cited McClandon v. Rosewell, 299 Ill.App.3d 563, 233 Ill.Dec. 507, 701 N.E.2d 150 (1998), for the proposition that the legislature did not design the fund to compensate property owners who have "contribute[d] to the loss of their property." It then claimed that to compensate petitioners would amount to "tacit approval of conduct which is naive and fiscally irresponsible," which would be contrary to the requirement of In re Application of Kane County Collector, 135 Ill.App.3d 796, 90 Ill.Dec. 454, 482 N.E.2d 161 (1985).
In their brief on respondent's motion, petitioners argued that respondent was urging the wrong standard upon the trial court, but also alleged their ability to amend the petition to address some flaws cited by respondent. The trial court heard oral argument on the motion, granted it, and made the dismissal with prejudice. The order of dismissal stated that "[p]etitioners have failed to allege facts that would rise to the level of relief [sic] under the Indemnity Fund if proven, and amendment would not cure [the] defects found."
Petitioners moved to reconsider the dismissal. The motion alleged that, at oral argument on the motion to dismiss, the trial court was concerned with whether the property had four or fewer units and whether petitioners had tendered funds sufficient to redeem the property. It stated that petitioners could prove that the property contained a single-family house and that the check tendered was for more than the taxes due. It further alleged that "the Court's primary concern at the time of the hearing was the question regarding the mental and physical condition of Co Petitioner, KEVIN BLOOM, it having been established that Co Petitioner, STEVEN LEVIN, was suffering from mental and physical disabilities. For that reason, the Court dismissed the Petition with prejudice and did not permit the Petitioners an opportunity to amend." Finally, the motion alleged that "[s]ubseqent to the hearing, Counsel for the Petitioners has learned that KEVIN BLOOM suffers from recognized disabilities such that he, KEVIN BLOOM, is unable to handle matters such as paying a tax bill and requires STEVEN LEVIN, whose disabilities are not as severe as those suffered by KEVIN BLOOM, to be the only person among the Petitioners capable of handling such matters."
Petitioners argued that, under Hedrick v. Bathon, 319 Ill.App.3d 599, 254 Ill.Dec. 505, 747 N.E.2d 917 (2001), their disabilities could establish their equitable claim *1126 for indemnity. They further argued that the trial court had apparently engaged in a premature weighing of the facts regarding their disabilities, and that the trial court had determined that petitioners were at fault, a matter that is not a necessary consideration when the award requested is less than $99,000.
Both parties filed briefs, and, after argument, the trial court denied petitioners' motion. The order states that the denial is "based on the Court's weighing of the equities and finding that the dismissal was proper." No transcript or other record of this hearing is part of the record on appeal. Petitioners now appeal, arguing, inter alia, that the trial court improperly considered the fault of petitioners, that fairness requires that petitioners have the chance to amend the petition, and that the trial court engaged in an improper "weighing of [the] facts" in ruling on the motion to dismiss and the motion to reconsider.
We first consider whether the trial court properly granted the original motion to dismiss. A trial court should grant a motion to dismiss a complaint under section 2-615 of the Code only when the allegations in the complaint, construed in the light most favorable to the plaintiff, fail to state a cause of action upon which relief can be granted. Oliveira v. Amoco Oil Co., 201 Ill.2d 134, 147, 267 Ill.Dec. 14, 776 N.E.2d 151 (2002). It should accept all well-pleaded facts and inferences drawn from those facts as true. Oliveira, 201 Ill.2d at 147, 267 Ill.Dec. 14, 776 N.E.2d 151. We review a dismissal under section 2-615 de novo. Oliveira, 201 Ill.2d at 147-48, 267 Ill.Dec. 14, 776 N.E.2d 151.
Indemnity under section 21-305 of the Property Tax Code is potentially available to "[a]ny owner of property sold under any provision of this Code who sustains loss or damage by reason of the issuance of a tax deed under Section 21-445 or 22-40 [(35 ILCS 200/21-445, 22-40 (West 2002))] and who is barred or is in any way precluded from bringing an action for the recovery of the property." 35 ILCS 200/21-305 (West 2002). If a petitioner can meet this basic qualification, he or she can qualify for indemnity in either of two ways. Under the first, which we will call the "equitable entitlement provision," if the petitioner is seeking an award of less than $99,000, he or she needs to prove (1) that he or she resided in the property on the last day of the period of redemption, (2) that it contained four or fewer "dwelling units," and (3) that he or she is "equitably entitled to compensation for the loss or damage." 35 ILCS 200/21-305(a)(1) (West 2002). Under the second, which we will call the "without fault provision," if he or she seeks more than $99,000, he or she must show that he or she is "without fault or negligence of his or her own." 35 ILCS 200/21-305(a)(2) (West 2002). When determining whether the petitioner was negligent or at fault, "the court shall consider whether the owner exercised ordinary reasonable diligence under all of the relevant circumstances." 35 ILCS 200/21-305(a)(2) (West 2002).
Clearly, petitioners in this case did not set forth the necessary allegations to establish eligibility for relief under the equitable entitlement provisions; they pleaded neither that they lived in the property nor that it had four or fewer dwelling units. Further, petitioners failed to provide sufficient detail as to the nature of their claimed equitable entitlement. It appears that in the only reported cases under section 21-305 in which the trial court refused indemnity to the petitioners without a hearing, the decisions were reversed on appeal (Van Dahm v. Novak, 174 Ill.App.3d 880, 124 Ill.Dec. 326, 529 N.E.2d 43 (1988) (summary judgment); Mason v. Rosewell, 107 Ill.App.3d 943, 63 Ill.Dec. *1127 722, 438 N.E.2d 653 (1982) (failure to state a claim)), such that we have scant guidance as to what constitutes a minimally sufficient petition. Nevertheless, we believe that the petition as submitted was insufficiently specific. Under the equitable entitlement provision, courts must consider the totality of the circumstances and relevant factors, which include mental, physical, or financial status, sophistication and comprehension of responsibilities, and diligence in those responsibilities. Prince v. Rosewell, 319 Ill.App.3d 1082, 1086-87, 253 Ill.Dec. 625, 745 N.E.2d 748 (2001). Petitioners have touched on only one of these factors, Levin's physical disabilities, and this without explaining how these contributed to his inability to pay his taxes. Although we will not say that the failure to address some set of the relevant factors will be fatal, petitioners need to address enough of them to establish the circumstances upon which they base their claim. A sufficient petition would include at least an outline of the events leading to the loss of the property and could be expected to require allegations that address many or all of the absences noted in the motion to dismiss.
Petitioners also failed to set forth allegations to establish eligibility for relief under the "without fault" provision. The phrase "without fault or negligence," as it is used in section 21-305, is not given its broadest legal interpretation. To do so would make the section meaningless, as any owner who has lost his or her property by the issuance of a tax deed is to some extent at fault. See Garcia v. Rosewell, 43 Ill.App.3d 512, 517, 2 Ill.Dec. 392, 357 N.E.2d 559 (1976). In this context, the phrase cannot be taken to mean "blameless." Instead, it is taken to mean that the petitioner "must not have purposefully failed in a duty or engaged in conduct that materially contributed to the problem complained of." Garcia, 43 Ill.App.3d at 517, 2 Ill.Dec. 392, 357 N.E.2d 559. In Garcia, the reviewing court held the petitioner to be without fault or negligence, although she had never directly attempted to redeem her property through the county clerk, had sufficient funds to do so, and had received notices of the impending loss of her property. Garcia, 43 Ill.App.3d at 514-15, 517-18, 2 Ill. Dec. 392, 357 N.E.2d 559. The tax buyer had deceived her as to the redemption status of the house by using the tax certificate to persuade her that he already owned it. Garcia, 43 Ill.App.3d at 514, 2 Ill.Dec. 392, 357 N.E.2d 559. He thus actively dissuaded the petitioner from acting on the official notices. The reviewing court further held that "she [could not] be held to the highest standard of business conduct" when she was caring for nine children and her dying husband. Garcia, 43 Ill.App.3d at 517, 2 Ill.Dec. 392, 357 N.E.2d 559.
Petitioners here have not pleaded any facts or circumstances that might show that their defective attempt at redemption was not the result of their fault or negligence. We read Garcia to require the trial court to consider a petitioner's total circumstances when determining whether a petitioner's failure to follow statutorily prescribed procedure for redemption is negligent or at fault for purposes of section 21-305. Under such a standard, it would take a far more egregious error than petitioners' for us to be able to conclude that they were negligent or at fault as a matter of law. On the other hand, we do not believe that petitioners have shown that the notices they received were so inherently misleading that no one could be expected to understand what the clerk required. Therefore, petitioners are required to state what circumstances explain their noncompliance.
Petitioners also argue that the trial court erred in making the dismissal *1128 with prejudice. A trial court should dismiss a complaint with prejudice under section 2-615 of the Code only if it is clearly apparent that the plaintiffs can prove no set of facts that will entitle them to recover. Illinois Graphics Co. v. Nickum, 159 Ill.2d 469, 488, 203 Ill.Dec. 463, 639 N.E.2d 1282 (1994). The decision to deny leave to amend is within the sound discretion of the trial court. Cantrell v. Wendling, 249 Ill.App.3d 1093, 1095, 189 Ill.Dec. 350, 620 N.E.2d 9 (1993); see also Clemons v. Mechanical Devices Co., 202 Ill.2d 344, 351, 269 Ill.Dec. 882, 781 N.E.2d 1072 (2002). However, the trial court should exercise its discretion liberally in favor of allowing amendments if doing so will further the ends of justice, and it should resolve any doubts in favor of allowing amendments. Cantrell, 249 Ill.App.3d at 1095-96, 189 Ill.Dec. 350, 620 N.E.2d 9. Generally, the trial court should give a plaintiff at least one opportunity to cure the defects in his or her complaint. See Cantrell, 249 Ill.App.3d at 1095-96, 189 Ill.Dec. 350, 620 N.E.2d 9.
Despite the general policy in favor of allowing amendments, we cannot say that the trial court abused its discretion in this case. Because petitioners, as the appellants, bear the burden of presenting a sufficiently complete record of the proceedings to support their claim of error, we must resolve against them any uncertainty arising from the record's incompleteness. See Foutch v. O'Bryant, 99 Ill.2d 389, 391-92, 76 Ill.Dec. 823, 459 N.E.2d 958 (1984). The record indicates that the trial court held a hearing on the motion to dismiss, but we have no record of the hearing itself. The trial court found that "amendment would not cure [the] defects found" in the petition. Although we would not have arrived at this conclusion from the record as it stands, we cannot reasonably exclude the possibility that the proceedings at the hearing on the motion to dismiss made this conclusion appropriate.
Respondent argues that certain statements made by petitioners' attorney justified the dismissal with prejudice. These purported statements are not part of the record on appeal. We admonish respondent that, pursuant to Supreme Court Rules 321 (155 Ill.2d R. 321) and 341(f) (188 Ill.2d R. 341(f)), nonrecord facts have no place in a brief. We remind petitioners that the same applies to them as well, even if the other party has already violated these rules.
We now turn to the question of whether the trial court erred when it denied petitioners' motion to reconsider the dismissal. When a motion to reconsider is based on the submission of additional facts or new arguments, we review a trial court's ruling on the motion under an abuse-of-discretion standard, but, regardless of whether the motion to reconsider presents new facts, we review de novo the trial court's application of law to the facts. O'Shield v. Lakeside Bank, 335 Ill.App.3d 834, 838, 269 Ill.Dec. 924, 781 N.E.2d 1114 (2002).
Petitioners argue that the trial court decided this motion under the wrong standard. We agree. The order denying the motion states that the denial was "based on the Court's weighing of the equities and finding that the dismissal was proper." In determining whether a petitioner is entitled to indemnification under the equitable entitlement provision, the trial court must consider all relevant factors and the totality of the circumstances. Prince, 319 Ill.App.3d at 1086, 253 Ill.Dec. 625, 745 N.E.2d 748. Such consideration is manifestly impossible based on the petition alone. This impossibility redoubles when the petition's primary deficiency is its lack of specificity. On this basis, we *1129 can also reject out of hand respondent's contention that, because the trial court has great discretion in determining whether a petitioner is entitled to indemnification, it should be entitled to some similar discretion in determining whether it should dismiss the complaint. The trial court's discretion is in the weighing of fully developed evidence, not in dismissing cases at the pleading stage.
We further find no other basis upon which we could affirm the portion of the order that makes the dismissal with prejudice. The other bases proposed by respondent are meritless and dismissal based upon them would have been an abuse of discretion. Respondent argues that, under the rule in Sacramento Crushing Corp. v. Correct/All Sewer, Inc., 318 Ill.App.3d 571, 577, 252 Ill.Dec. 291, 742 N.E.2d 829 (2000), which affirmed a summary judgment, a motion to reconsider cannot be used to introduce evidence that should have been introduced earlier. He argues that on this basis, the trial court should not have considered petitioners' allegations regarding Bloom's disabilities. We are unwilling to apply the rule of Sacramento Crushing Corp., or any rule from a case decided at an advanced stage, to bar the introduction of new facts at this early stage of the pleadings. A motion to dismiss under section 2-615 of the Code tests the legal sufficiency of a petition. We do not think that it is appropriate or efficient to require that a petitioner allege every fact that he or she might plead in an alternate form of the petition in response to a motion to dismiss to avoid having it barred from consideration in circumstances such as this. Put another way, we think that the rule of Sacramento Crushing Corp. was intended to require only that allegations and evidence be timely introduced, and that, absent unusual circumstances, allegations introduced after a first motion to dismiss cannot be viewed as untimely.
Respondent also argues that case law prohibits awards to petitioners who have contributed to the loss of their properties or who have acted naively or fiscally irresponsibly. This contention is not correct if the matter is considered under the equitable entitlement standard, for which, as discussed above, the trial court must consider the totality of the circumstances. The two cases specifically discussed by respondent, McClandon, 299 Ill.App.3d 563, 233 Ill.Dec. 507, 701 N.E.2d 150, and In re Application of Kane County Collector, 135 Ill.App.3d 796, 90 Ill.Dec. 454, 482 N.E.2d 161, are inapposite. In re Application of Kane County Collector, which respondent cites for the proposition that awards are barred by naive and fiscally irresponsible behavior, actually concluded that the petitioner was too sophisticated to be the sort of person the legislature intended to protect. In re Application of Kane County Collector, 135 Ill.App.3d at 809-10, 90 Ill. Dec. 454, 482 N.E.2d 161. McClandon, cited for the bar on awards to those who contribute to the loss of their properties, was decided under the "without fault" standard and so does not apply to consideration of whether petitioners have a claim under the equitable entitlement standard.
Finally, respondent argues that, given that petitioners rely on Hedrick, 319 Ill.App.3d 599, 254 Ill.Dec. 505, 747 N.E.2d 917, to show their equitable entitlement to indemnification, their attempt at redemption bars their claim. This argument appears to arise out of a failure to grasp how a court should apply a totality-of-the-circumstances standard. The petitioner in Hedrick was essentially homebound because of severe anxiety. A psychologist who evaluated the petitioner opined that she suffered from panic disorder, agoraphobia, and avoidant personality disorder, *1130 which interfered with her ability to manage her financial affairs. Hedrick, 319 Ill.App.3d at 603, 254 Ill.Dec. 505, 747 N.E.2d 917. On her own testimony, she had received property tax notices, but had put them away because she never felt able to deal with them. However, her financial distress was a significant part of the reason she did not pay her property taxes. Hedrick, 319 Ill.App.3d at 602, 254 Ill.Dec. 505, 747 N.E.2d 917. It appears from the description of the testimony as a whole that the petitioner never attempted to pay the property taxes or redeem the property. The reviewing court held that the trial court had not abused its discretion in finding her equitably entitled to indemnification. Hedrick, 319 Ill.App.3d at 607-08, 254 Ill.Dec. 505, 747 N.E.2d 917. While we agree with respondent that petitioners' pleadings show that they did not suffer disabilities identical to those of the petitioner in Hedrick, we fail to see how this excludes the possibility that other disabilities could have contributed to the loss of the property. Further, if petitioners did in fact temporarily overcome disabilities to attempt the redemption, we think that this could only favor their equitable entitlement to indemnification.
More generally, we think that the overall circumstances in which the motion to reconsider was heard support an exercise of discretion in favor of petitioners. Generally, in furtherance of our preference for deciding cases on the merits, trial courts should give plaintiffs at least one opportunity to cure factually insufficient complaints. See Cantrell, 249 Ill.App.3d at 1095-96, 189 Ill.Dec. 350, 620 N.E.2d 9. This policy should be particularly strong when, as here, the authorities provide little guidance as to what constitutes a sufficient complaint. Section 21-305 of the Property Tax Code sets out only a few minimum requirements for eligibility. We can find no published case that lays out the requirements for a minimally sufficient complaint. We held in Andersen v. Mack Trucks Inc., 341 Ill.App.3d 212, 219, 276 Ill.Dec. 203, 793 N.E.2d 962 (2003), that because an area of law was unsettled and the authorities were in conflict, a dismissal with prejudice of a third-party complaint, the plaintiff's second attempt to plead a claim for spoliation of evidence, was an abuse of discretion. We believe that the situation in this case is analogous. The trial court's order denying the motion to reconsider must be reversed to the extent that it retained the dismissal with prejudice.
Accordingly, we affirm the trial court's initial dismissal of the petition, but reverse that portion of the trial court's denial of petitioners' motion to reconsider that retained the dismissal with prejudice, and we remand the cause to the trial court for further action consistent with this opinion.
Affirmed in part and reversed in part; cause remanded with directions.
McLAREN and BOWMAN, JJ., concur.